UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC MICHAEL LIANG,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. C17-5508-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Eric Michael Liang proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1980.[1] He has a high school diploma, and has worked as a guest services representative, janitor, and petroleum supply specialist in the U.S. Army. (AR 229.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

Plaintiff applied for DIB in June 2015. (AR 189-90.) That application was denied and Plaintiff timely requested a hearing. (AR 129-31, 133-34, 138-39.)

On July 8, 2016, ALJ David Johnson held a hearing, taking testimony from Plaintiff, his wife, and a vocational expert (VE). (AR 47-97.) On September 8, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-41.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 5, 2017 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since April 22, 2015, the alleged onset date. (AR 28.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's post-traumatic stress disorder (PTSD), major depressive disorder, and left ankle abnormality. (*Id.*) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 28-30.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

performing medium work, with additional limitations: he can occasionally climb ladders, ropes, or scaffolds; and cannot have concentrated exposure to extreme cold, wetness, vibration, or hazards. He can perform simple, routine tasks that do not require more than occasional adaptation to changes in the work setting or work process. He cannot interact with the general public or co-workers to perform job tasks. (AR 30.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 39.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's assistance, the ALJ found Plaintiff capable of transitioning to other representative occupations, specifically industrial cleaner, laundry laborer, and dryer attendant. (AR 40-41.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective statements, (2) discounting the disability rating issued by the U.S. Department of Veterans Affairs (VA), and (3) discounting

certain medical opinions.[2]  The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Plaintiff's subjective testimony

The ALJ discounted Plaintiff's subjective testimony because (1) his ankle impairment was not as severe as he alleged, as demonstrated by the objective examination findings as well as his self-reported activities; and (2) his mental impairments were not as severe as he alleged, as demonstrated by many unremarkable mental status examinations and his self-reported activities. (AR 31-35.)

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, Plaintiff argues that the ALJ's reasons were "broad and characterological," which violates Social Security Ruling (SSR) 16-3p.

The Court disagrees with Plaintiff's characterization of the ALJ's reasoning. The ALJ's reasons were neither inappropriately broad or "characterological": the ALJ identified specific objective evidence and self-reported activities that contradict Plaintiff's alleged limitations. (AR 31-35.) Plaintiff argues that the activities cited by the ALJ were not performed in a way that would suggest an ability to work (Dkt. 9 at 13), but that was not the purpose for which the ALJ cited them. The ALJ cited Plaintiff's activities in order to note inconsistencies between Plaintiff's activities and his allegations: for example, the ALJ described Plaintiff's ability to (1) work as a janitor despite a purportedly disabling ankle impairment, (2) play video games for hours at a time

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment, VE hypothetical, and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 9 at 14. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1 despite claims of concentration deficits, (3) participate in his wife's daycare business despite
2 allegations of problems being around other people, and (4) participate in many activities outside
3 his home despite his alleged anxiety leaving his house. (AR 31-32.) The ALJ reasonably found
4 Plaintiff's activities to be inconsistent with his allegations, and did not err in discounting Plaintiff's
5 testimony on that basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may
6 undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold
7 for transferable work skills").

Because the ALJ provided several examples of inconsistencies between Plaintiff's allegations and his activities, the ALJ's findings regarding Plaintiff's subjective testimony are affirmed.

## VA rating

The ALJ noted that Plaintiff had received a VA disability rating based on PTSD (found to be 70% disabling) and his ankle impairment (10% disabling). (AR 37 (citing AR 317-27).) The ALJ also noted that Plaintiff reported to a provider that he was found 100% disabled by the VA. (AR 37 (citing AR 444).)

The ALJ gave the VA rating "limited weight[,]" finding the rating regarding Plaintiff's ankle to be inconsistent with the evidence that his activities of daily living and his physical examination findings were "largely intact." (AR 37.) The ALJ also found that the April 2015 VA rating was rendered without access to the entire record available to the ALJ, whose decision was entered in September 2016. (*Id.*) The ALJ found that the VA rating was inconsistent with the record before the ALJ, which contained objective evidence inconsistent with disabling mental or physical limitations and documented that Plaintiff could complete activities inconsistent with disabling limitations. (*Id.*)

Plaintiff argues that the ALJ's reasons for discounting the VA rating were insufficient. An ALJ may discount a VA rating if he or she provides "persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Court disagrees with Plaintiff and finds that the ALJ's reasons are persuasive, specific, and valid.

First, the ALJ reasonably found the VA rating regarding Plaintiff's ankle impairment to be inconsistent with normal objective evidence regarding his ankle function. Although Plaintiff asserted in his reply brief that the ALJ did not challenge the VA rating regarding his ankle (Dkt. 12 at 7), he is mistaken. (*See* AR 37.) The ALJ cited mostly normal objective findings regarding Plaintiff's ankle, particularly a normal gait and ability to heel-toe walk (AR 490), which contradict the VA rating's indication that Plaintiff had "painful motion of the ankle." (AR 323.)

The ALJ also pointed to the discrepancy between the time the VA rating was rendered and the time of the ALJ's evaluation of the evidence, noting that the records subsequent to the VA rating were inconsistent with the VA rating because they indicated that Plaintiff could perform jobs and complete activities inconsistent with his alleged limitations. (AR 37.) Plaintiff disagrees, contending that the record is consistent with his alleged sleep disorders and anger outbursts, and that the normal mental status examinations were not decisive (Dkt. 9 at 11-12), but this argument merely posits an alternative interpretation of the evidence. Plaintiff has failed to show that the ALJ unreasonably found that the record contained evidence inconsistent with the VA's 70% rating for PTSD, and thus has failed to establish error in the ALJ's rejection of the VA rating. *See Cassel v. Berryhill*, 2017 WL 6397278, at *2 (9th Cir. Dec. 15, 2017) (finding that the ALJ properly discounted a VA rating where the rating was inconsistent with the claimant's activities and medical records).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

## Medical opinions

Plaintiff argues that the ALJ erred in discounting opinions provided by examining psychologist Peter Weiss, Ph.D., and treating counselor Linda Dennis, LICSW. The Court will address each disputed opinion in turn.

A. Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Less weight may be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, "[s]ince there is a requirement to consider all relevant evidence in an individual's case record," the ALJ's decision "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*; s*ee also Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (holding that an ALJ must provide germane reasons to reject

lay testimony).

B.  <u>Dr. Weiss</u>

Dr. Weiss examined Plaintiff in August 2015 and reviewed some of the VA records. (AR 473-77.) Dr. Weiss opined that Plaintiff had "some difficulty" with short-term memory, and that his socialization, sustained concentration and persistence, and adaptation were severely impaired. (AR 476-77.)

The ALJ gave "limited weight" to Dr. Weiss's opinion, finding that Dr. Weiss did not state his opinion in terms of specific functional limitations that would be useful in assessing his RFC. (AR 36.) The ALJ also found that Plaintiff reported exaggerated symptoms to Dr. Weiss, and that Dr. Weiss's conclusions were inconsistent with the "largely unremarkable" mental status examination findings in the record as well as those obtained by Dr. Weiss. (*Id.*)

Plaintiff acknowledges that the record contains many normal mental status examinations, but argues that the record nonetheless documents clinical abnormalities such as sleep disorders and anger outbursts. Dkt. 9 at 7. But Dr. Weiss did not attribute Plaintiff's deficits to sleep disorders or anger outbursts; instead, he performed a mental status examination and asked Plaintiff about his history and activities. The ALJ did not err in considering the extent to which Dr. Weiss's mental status examination and other mental status examinations of record are consistent with the conclusions reached by Dr. Weiss. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports).

Furthermore, the ALJ found that Plaintiff was able to engage in more activities than reported to Dr. Weiss. (AR 36.) This finding is supported by substantial evidence; as documented by the ALJ, Plaintiff reported an ability to volunteer, participate in his wife's day care business,

and attend public functions. (AR 32-34.) But Plaintiff reported to Dr. Weiss that he avoided socializing. (AR 476.) The inconsistency between Plaintiff's activities and Dr. Weiss's opinion is a specific, legitimate reason to discount Dr. Weiss's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Finally, the ALJ also noted that Dr. Weiss did not express his opinion in terms corresponding to an RFC determination, because he did not identify any particular functional limitations. (AR 36.) This is another specific, legitimate reason to discount Dr. Weiss's opinion, because the opinion has limited probative value for the ALJ's inquiry. *See Morgan*, 169 F.3d at 601 ("Substantial evidence supports the ALJ's determination that Dr. Grosscup's reports do not show how Morgan's symptoms translate into specific functional deficits which preclude work activity.").

Plaintiff suggests that the ALJ erred in discounting Dr. Weiss's opinion for lack of specificity, arguing that an ALJ "must address an opinion in the terms that it is offered." Dkt. 9 at 8 (citing *Desrosiers v. HHS*, 846 F.2d 573, 576 (9th Cir. 1988)). *Desrosiers* is not applicable here; it involves a medical opinion using different definitions of the exertional categories used by Social Security to describe jobs. 846 F.2d at 576. It does not stand for the proposition that an ALJ may not discount a medical opinion that is not stated in terms of an RFC for lack of probative value.

Because the ALJ offered multiple specific, legitimate reasons to discount Dr. Weiss's opinion, the Court affirms the ALJ's assessment of Dr. Weiss's opinion.

C.  Ms. Dennis

Ms. Dennis, Plaintiff's treating counselor, completed a checkbox medical source statement in June 2016, rating Plaintiff's deficits in a variety of functional areas. (AR 526-29.) The ALJ

found that the "extreme limitations in all categories of mental functioning[,]" as well as the absenteeism and inability to remain on task, described by Ms. Dennis were inconsistent with the normal mental status examination findings in the record and Plaintiff's own self-reported activities. (AR 36.)

Plaintiff argues that the ALJ's reasons were not germane, but the Court disagrees. Plaintiff again contends that his normal mental status examination findings were not "decisive" because the record nonetheless corroborated his reports of sleep disorders and anger outbursts, but this is merely an alternative view of the evidence that does not establish error in the ALJ's reasoning. Dkt. 9 at 10.

The ALJ also cited Plaintiff's ability to play video games for up to three hours at a time, as described by Plaintiff and his wife, as inconsistent with the concentration deficits described by Ms. Dennis. (AR 36 (referencing AR 65, 77).) Plaintiff argues that the ability to play video games for three hours at a time is not "comparable to work increments under a minimal performance standard[.]" Dkt. 9 at 10. It is not clear that the concentration required to play a video game is different than the concentration required to perform any work, and even when Plaintiff was working under a minimal performance standard, his employer reported no problems with his performance. (*See* AR 299-300 (former employer's report).) The ALJ reasonably found the concentration deficits described by Ms. Dennis to be inconsistent with the record, and the ALJ did not err in discounting the opinion on that basis.

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 4th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge